UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SAIKOU YAYA DIALLO,
Petitioner,
v.
JEREMY CASEY, et al.,
Respondents.

Case No.: 26-cv-4985-RSH-JLB

**ORDER DENYING PETITION FOR HABEAS CORPUS**

[ECF No. 2]

On September 2, 2026, petitioner Saikou Yaya Diallo, proceeding pro se, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. For the reasons set forth below, the Court denies the petition.

## I. BACKGROUND

Petitioner has previously sought habeas relief in this District. *See Yaya-Diallo v. Casey*, No. 3:26-cv-2167-RSH-BLM (S.D. Cal.) (the "Prior Action"). In the Prior Action, Petitioner alleged that his detention without a bond hearing pending removal proceedings had become unduly prolonged in violation of his due process rights. Case No. 3:26-cv-2167-RSH-BLM, ECF No. 1 at 2, 4. Respondents filed a return stating that they did not oppose a court-ordered bond hearing at which the government would bear the burden of establishing, by clear and convincing evidence, that Petitioner posed a flight risk or a

danger to the community. Case No. 3:26-cv-2167-RSH-BLM, ECF No. 4 at 1. That same day, the Court granted the petition and directed the government to "arrange a bond hearing for petitioner before an immigration court within seven (7) days of this order, at which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a flight risk." Case No. 3:26-cv-2167-RSH-BLM, ECF No. 6 at 2.

Petitioner received a bond hearing on April 23, 2026, at which the immigration judge denied bond concluding Petitioner posed a significant risk of flight, based on, among other things, Petitioner's lack of community ties, the absence of supporting evidence regarding his proposed sponsor, and lack of work history in the United States. ECF No. 5-1 at 11. On May 26, 2026, Petitioner moved to enforce the Court's order and Respondents opposed. Case No. 3:26-cv-2167-RSH-BLM, ECF Nos. 9, 11. The Court denied the motion, explaining that Petitioner's generalized allegations that the immigration judge had misapplied the burden of proof raised claims of error that were more properly addressed through Petitioner's pending appeal to the Board of Immigration Appeals ("BIA"). Case No. 3:26-cv-2167-RSH-BLM, ECF No. 13 at 3.

Petitioner subsequently requested another custody redetermination hearing before the immigration court. A custody redetermination hearing was held on August 14, 2026, and the immigration judge again denied bond finding that Petitioner posed a flight risk based in part on his lack of a fixed address apart from housing offered by a distant relative, as well as his lack of employment history or other community ties. ECF No. 5-1 at 14. On September 2, 2026, Petitioner filed the instant petition for a writ of habeas corpus. ECF No. 1.

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A prisoner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

In the instant Petition, Petitioner challenges the constitutionality of his continued detention, alleging that his detention has become unduly prolonged in violation of the Fifth Amendment. ECF No. 1 at 4–5. Petitioner also challenges the immigration judge's bond determinations. *Id.* at 5–7. Respondents argue Petitioner's claims are unexhausted. ECF No. 5 at 1, 3–4.

As discussed above, the Court already addressed Petitioner's due process challenge to his prolonged detention and ordered the government to provide Petitioner with a bond hearing. Case No. 3:26-cv-02167-RSH-BLM, ECF No. 6 at 2. To the extent Petitioner is again challenging the immigration judge's April 23, 2026 bond determination, the Court declines to revisit those alleged errors for the same reasons explained in its prior order. *See* Case No. 3:26-cv-02167-RSH-BLM, ECF No. 13. Indeed, Petitioner acknowledges in this petition that his grounds for relief have "been presented to this Court previously." ECF No. 1 at 7; *see Pinson v. Gutierrez*, No. 23-15027, 2023 WL 8714902, at *1 (9th Cir. Dec. 18, 2023) ("The district court did not abuse its discretion in dismissing the [§ 2241] petition as duplicative because it raises the same claims and is based on the same factual allegations as those in [prior action]."); *Mikhail v. Warden of Golden State Annex*, No. 1:25-CV-01414 JLT SKO, 2026 WL 165392, at *1 (E.D. Cal. Jan. 21, 2026) ("[T]he instant petition is subject to dismissal because it is identical to a previously filed § 2241 petition[.]")

To the extent Petitioner challenges the immigration judge's subsequent August 14, 2026 bond determination, this claim has also not been exhausted. As the Court had previously set forth, the Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the

> requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). A court may excuse prudential exhaustion, however, "if administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez*, 872 F.3d at 988 (internal quotation marks omitted).

The Ninth Circuit has applied these principles in analogous circumstances, where a noncitizen seeks habeas review of an immigration judge's adverse bond determination. *See Leonardo*, 646 F.3d at 1160 ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision.").

Here, the immigration judge denied bond at the August 14, 2026 custody redetermination hearing finding that Petitioner posed a flight risk, citing, among other things, Petitioner's lack of a fixed address apart from housing offered by a distant relative and his lack of employment history or other community ties. ECF No. 5-1 at 14. Petitioner disputes this determination. ECF No. 1 at 6–7. However, Petitioner's arguments are directed to the immigration judge's assessment of the evidence and are more appropriately addressed through an appeal to the BIA. Petitioner's unsupported assertion that the same immigration judge granted bond to "similarly situated" individuals likewise does not establish a basis for bypassing administrative review. *Id.* at 6. Finally, Petitioner's contention that an appeal would be futile because the BIA cannot decide constitutional

issues is also unpersuasive. *Id.* at 3. Characterizing his claims in constitutional terms does not establish that the BIA cannot address any underlying alleged errors in the immigration judge's consideration of the evidence.

## IV. CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. The Court also **DENIES** Plaintiff's motion for appointment of counsel [ECF No. 2], as Petitioner has not shown "exceptional circumstances" warranting such an appointment here. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: September 17, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge